UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.

FILED
2010 AUG 26 A 9:57
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CAMICO MUTUAL INSURANCE
COMPANY, a California Mutual Insurance
Corporation,

Plaintiff,

v.

ABRAHAM ROGOZINSKI,
MARJORIE ROGOZINSKI,
CHAIM ROGOZINSKI,
JEANIE ROGOZINSKI,
SAM ROGOZINSKI,
RANDI ROGOZINSKI, and
PRESSER, LAHNEN & EDELMAN, P.A.,

Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

3:10-cv-762-J-32MCR

## GENERAL ALLEGATIONS

Plaintiff, CAMICO Mutual Insurance Company, by and through its undersigned attorneys, and sue the Defendants, ABRAHAM ROGOZINSKI, MARJORIE ROGOZINSKI, CHAIM ROGOZINSKI, JEANIE ROGOZINSKI, SAM ROGOZINSKI, RANDI ROGOZINSKI, and PRESSER, LAHNEN & EDELMAN, P.A., for declaratory relief as follows:

### NATURE OF ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 and 2202 for the purposes of determining an actual controversy between the parties as

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper, pursuant to 28 U.S.C. §1332(a), since the amount in controversy exceeds $75,000, exclusive of interest and costs, and this civil action is between citizens of different states.

## THE PARTIES

3. Plaintiff CAMICO Mutual Insurance Company ("CAMICO") is a mutual liability insurance company having its principal place of business in Redwood City, California. Plaintiff is a provider of professional liability insurance for accountants, and insures accounting firms located within the Duval County in the State of Florida.

4. Defendants ABRAHAM ROGOZINSKI and MARJORIE ROGOZINSKI are citizens of the State of Florida residing in Duval County, Florida.

5. Defendants CHAIM ROGOZINSKI and JEANIE ROGOZINSKI are citizens of the State of Florida residing in Duval County, Florida.

6. Defendants SAM ROGOZINSKI and RANDI ROGOZINSKI are citizens of the State of Florida residing in Duval County, Florida.

7. Defendants ABRAHAM ROGOZINSKI, MARJORIE ROGOZINSKI, CHAIM ROGOZINSKI, JEANIE ROGOZINSKI, SAM ROGOZINSKI, RANDI ROGOZINSKI are referred to collectively in this Complaint as "the ROGOZINSKIS".

8. Defendant PRESSER, LAHNEN & EDELMAN, P.A. ("PRESSER") is a professional partnership duly formed under the laws of the State of Florida, and which at all times material hereto was doing business within Duval County, Florida.

## FACTUAL ALLEGATIONS

9. In July 2007, PRESSER purchased from CAMICO a one-year Accountants Professional Liability Insurance Policy with coverage in effect from July 1, 2007 through July 1, 2008 ("the Policy"). A true and correct copy of the Policy is attached to this Complaint as **Exhibit 1**. All terms in the Policy which are specially defined in the Policy are presented in italic font, both in the Policy and herein.

10. The Policy is a "claims made and reported" policy which applies only to *Claims* that are first made and reported to CAMICO during the *Policy Period*. The Policy defines a *Claim* as follows:

(c) A *Claim* means a demand received by any *Insured* for money or

2

> services, and includes the service of suit(s), a request that an *Insured* agree to waive a legal right or sign an agreement to toll a statute of limitations, or a demand for arbitration. A *Claim* also includes two or more *Claims* arising out of or resulting from a single act, error or omission in rendering *Professional Services*, or from *Multiple Acts, Errors or Omissions* in rendering *Professional Services*, whether such demands are made: (1) against one or more *Insureds*, (2) by one or more *Persons*, or (3) during one or more *Policy Periods*.

(See, Exh. 1, Form PL-1000-A (rev. 08/05), Section IV. DEFINITIONS, paragraph (c).)

The Policy is a "diminishing limits" policy – *i.e.*, it includes payment of *Claims Expenses* (defined as including attorneys' fees, costs and expenses incurred in investigating and defending a *Claim*) within the Policy's Limit of Liability. The Company's payment of *Claims Expenses* reduces the Limit of Liability available to pay *Damages*.

11.     For the *Policy Period* from July 1, 2007 to July 1, 2008, PRESSER purchased Limits of Liability of $1,000,000 Per *Claim*, and $2,000,000 Policy Aggregate. The Policy defines the Per *Claim* and Policy Aggregate Limits of Liability as follows:

> 1. Limit of Liability – Per *Claim* and Sub-Limits
>
> The maximum amount payable by the Company for *Damages* and *Claim Expenses* for each covered *Claim* is the Per *Claim* Limit of Liability stated in the Declarations, less the Per *Claim* Deductible, … .
>
> A single Per *Claim* Limit of Liability applies to a *Claim* arising from *Multiple Acts, Errors or Omissions*, regardless of the number of claimants, lawsuits, or *Insureds* involved.
>
> 2. Limit of Liability – Policy Aggregate and Aggregate Sub-Limits
>
> The maximum amount payable by the Company for *Damages* and *Claim Expenses* for all covered *Claims* made and reported during the *Policy Period* is the Policy Aggregate Limit of Liability stated in the Declarations, less the Policy Aggregate Deductible, … .

(*See*, Exh. 1, Form PL-1000-A (rev. 08/05), Section I. INSURING AGREEMENTS, C. Limits of Liability, Sub-Limits and Deductibles.)

## UNDERLYING ROGOZINSKI LAWSUIT AGAINST PRESSER

12.    PRESSER and nine of its individual employees/partners were named as defendants in an action titled <u>Abraham Rogozinski, Marjorie Rogozinski, Chaim Rogozinski, Jeanie Rogozinski, Sam Rogozinski, Randi Rogozinski, Plaintiffs v. Presser, Lahnen & Edelman, P.A., Eve E. Brown, Daniel M. Edelman, Matthew E. Edelman, John W. Giehrl, William R. Lahnen, Neil N. Presser, John W. Ranes, Jr., Edward J. Salek, and James L. Smith, Jr., Defendants,</u> filed in the Circuit Court of the 4th Judicial District, Duval County, Case No. 2008-CA-005779, Div. CV-C (filed April 30, 2008) ("the Rogozinski Lawsuit").

13.    The Complaint filed in the Rogozinski Lawsuit alleges that:

   a. From prior to 1989 until April 2008, the ROGOZINSKIS engaged PRESSER to provide with professional services in connection with preparation of ROGOZINSKIS' federal income tax returns.

   b. Prior to 1989, ABRAHAM ROGOZINSKI, CHAIM ROGOZINSKI, and SAM ROGOZINSKI developed and obtained patent protection for a medical device.

   c. In January 1989, ABRAHAM ROGOZINSKI, CHAIM ROGOZINSKI, and SAM ROGOZINSKI entered into a License Agreement with Richards Medical Company regarding manufacture, sales and use of the patented medical device.

   d. In March 1996, ABRAHAM ROGOZINSKI, CHAIM ROGOZINSKI, and SAM ROGOZINSKI entered into a License Agreement with EBI Medical Systems regarding manufacture, sales and use of the patented medical device.

14.    In counts for professional negligence and breach of fiduciary duty, the Complaint filed in the Rogozinski Lawsuit alleges that as to each tax year from 1989

through 2006, PRESSER was negligent in its preparation of ROGOZINSKIS' federal income tax returns by:

    a. Erroneously recognizing revenues from transfer of patent rights by ROGOZINSKIS under the 1989 License Agreement and the 1996 License Agreement as ordinary income rather than as the sale of a capital asset held for more than one year;

    b. Refusing to file amended federal income tax returns for ROGOZINSKIS for the 2004, 2005 and 2006 tax years, after PRESSER recognized its errors in February 2008; and

    c. Failing to advise ROGOZINSKIS until five business days before the deadline for the 2004 tax year that PRESSER was refusing to file amended federal tax returns for the ROGOZINSKIS for the 2004, 2005 and 2006 tax years.

15. PRESSER reported to CAMICO a *Claim* against PRESSER arising from PRESSER's *Professional Services* rendered for ROGOZINSKIS. CAMICO accepted PRESSER's tender of the *Claim* and appointed counsel to represent PRESSER with respect to the claims by ROGOZINSKIS. CAMICO paid substantial sums from the Policy's Per *Claim* Limit of Liability for *Claims Expenses* incurred to defend PRESSER against the Rogozinski action.

16. In June 2010, the parties to the Rogozinski Lawsuit reached an agreement to settle all of ROGOZINSKIS' claims against PRESSER. Under the terms of the settlement:

    a. PRESSER consented and instructed CAMICO to pay all sums remaining in the $1,000,000 Per *Claim* Limit of Liability in exchange for ROGOZINSKIS' complete release of PRESSER;

    b. CAMICO agreed to file this complaint for declaratory relief to litigate the issue of whether the Rogozinski Lawsuit asserted two or more

separate *Claims* triggering the Policy Aggregate Limit of Liability.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Applicable Limit of Liability)**
**(Against All Defendants)**

17.  Plaintiff realleges and incorporates by reference paragraphs 1 through 16 of the preceding allegations, as though fully set forth in this cause of action.

18.  A dispute presently exists between Plaintiff CAMICO and each of the Defendants herein as to the Limit of Liability applicable to the Rogozinski Lawsuit. Plaintiff contends that PRESSER's alleged negligent professional services rendered in connection with the ROGOZINSKIS' patented medical device involves *Multiple Acts, Errors or Omissions* in the rendering of *Professional Services*. On that basis, Plaintiff contends that all *Claims* arising from PRESSER's *Professional Services* at issue in the Rogozinski Lawsuit constitute a single *Claim* (as that term is defined in the Policy), to which the Policy's $1,000,000 Limit of Liability – Per *Claim* applies. Thus, Plaintiff contends that the Policy's $1,000,000 Limit of Liability – Per *Claim* is the total amount of insurance coverage applicable for payment of *Claims Expenses* incurred in the defense of PRESSER, and for payment of *Damages* sought in the Rogozinski Lawsuit.

19.  Plaintiff is informed and believes and on that basis alleges that the ROGOZINSKIS dispute Plaintiff's contention, and instead contend that PRESSER had separate engagements to render professional services for ABRAHAM ROGOZINSKI, CHAIM ROGOZINSKI and SAM ROGOZINSKI, and their respective spouses. Plaintiffs contend that these separate engagements gave rise to two or more separate, unrelated *Claims* that do not arise from *Multiple Acts, Errors or Omissions*. Plaintiff is further informed and believes that, on that basis, the ROGOZINSKIS contend that the Limit of Liability applicable to defense and indemnity of the ROGOZINSKIS' claims against PRESSER in the Rogozinski Lawsuit is the $2,000,000 Policy Aggregate Limit of Liability.

20. A true conflict has arisen between Plaintiff and Defendants which requires this court to determine the extent of each parties' obligation pursuant to the CAMICO Policy issued by Plaintiff to PRESSER. A multiplicity of actions will be avoided by the court determining said rights and obligations pursuant to the present action and this request for declaratory relief.

21. Plaintiff CAMICO seeks a judicial declaration by this Court that the Limit of Liability applicable to all *Claims* arising from PRESSER's alleged malpractice in rendering professional services for ROGOZINSKI arise from *Multiple Acts, Errors or Omissions* (as that term is defined in the CAMICO policy) subject to a single $1,000,000 Limit of Liability – Per *Claim*.

22. The ROGOZINSKIS are proper parties to this lawsuit as their rights will be affected by this Court's declaration.

23. All conditions precedent to the bringing of this action for declaratory relief have been complied with, or waived.

24 Pursuant to 28 U.S.C. Sections 2201 and 2202, this Court has the power to declare the rights and obligations of CAMICO under the PRESSER policy, and to give such other relief as may be necessary.

## PRAYER

WHEREFORE, Plaintiff CAMICO Mutual Insurance Company respectfully requests this Court to:

1. Take jurisdiction over this matter:

2. Find and declare that the CAMICO Policy's Limit of Liability applicable to all *Claims* arising from PRESSER's alleged malpractice is a single $1,000,000 Per *Claim* Limit of Liability; and

3. Enter any other order the Court deems proper under the evidence and circumstances.

Dated: August 24, 2010.

          GREEN, ACKERMAN & FROST, P.A.

          By: s/ Jack T. Frost
              JACK T. FROST, Lead Counsel
              Florida Bar No. 282138
              GREEN, ACKERMAN & FROST, P.A.
              1200 North Federal Hwy., Suite 301
              Boca Raton, Florida 33432-2803
              Telephone: (561) 347 - 2400
              Facsimile: (561) 955 – 9555
              E-mail: jfrost@gaflaw.com
              Attorneys for Plaintiff